UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

L&P Property Management Company
and Leggett & Platt Incorporated,

    Plaintiffs,

v.                                          Case No. 06-13311

JTMD, LLC and Ascion, LLC,              Honorable Sean F. Cox

    Defendants.
_____/

**OPINION & ORDER**

Plaintiffs filed this patent and trademark action on July 21, 2006.  The matter is currently before the Court on Defendants' Motion to Transfer Venue and for More Definite Statement.  The Court heard oral argument on January 25, 2007.  For the reasons set forth below, the Court shall GRANT Defendants' request to transfer this action to Massachusetts.  Given that the Court will be transferring this action, however, the Court declines to rule upon Defendants' request for a more definite statement.

BACKGROUND

Plaintiffs L&P Property Management Company ("L&P Property") and Leggett & Platt Incorporated ("L&P")(collectively "Plaintiffs") filed this action against JTMD, LLC d/b/a Reverie ("Reverie") and ASCION, LLC ("Ascion") on July 21, 2006.  Plaintiffs' complaint asserts claims for patent infringement and false designation of origin under 15 U.S.C. §1125(a).

The Complaint asserts that L&P Property is a Delaware corporation with its principal place of business in California and that L&P is a Missouri corporation with its principal place of

1

business in Missouri. The Complaint asserts that Defendants are Michigan limited liability companies and that each has its principal place of business at 31200 Stafford Street, in Beverly Hills, Michigan.

Diversity jurisdiction is not the asserted basis for this Court's jurisdiction. Rather, this Court has subject matter jurisdiction over this matter via federal question jurisdiction because the complaint asserts patent and trademark claims.

Count I, a patent infringement claim, relates to U.S. Patent No. 6,106,576 entitled "Adjustable Massage Bed Assembly With Handheld Control Unit Having Automatic Stop Safety Feature" ("the '576 Patent"). Plaintiffs assert that the '576 Patent was issued on August 22, 2000 and that L&P owns it. A copy of the '576 Patent is attached to Plaintiffs' Complaint as Exhibit 1. Plaintiffs allege that Defendants "have infringed and are currently infringing one or more claims of the '576 patent through the offer for sale, sale and importation into the United States of certain adjustable beds, including an adjustable bed sold by Reverie and Ascion to Lady Americana for resale by Lady Americana under the name 'Twin XL Wallsaver with Massage.'" (Compl. at ¶10).

Count II is also a patent infringement claim and it relates to U.S. Patent No. 6,684,573 entitled "Massage Motor Mounting for Bed/Chair" ("the '423 Patent"). Plaintiffs assert that the '423 Patent was issued on February 3, 2004, and that L&P owns it. A copy of the '423 Patent is attached to Plaintiff's Complaint as Exhibit 2. Plaintiffs allege that Defendants "have infringed and are currently infringing one or more claims of the '423 patent through the offer for sale, sale and importation into the U.S. of certain adjustable beds, including an adjustable bed sold by Reverie and Ascion to Lady Americana for resale by Lady Americana under the name 'Twin XL

Wallsaver with Massage.'"

Count III is titled "Violation of 15 U.S.C. §1125(a) – False Designation of Origin and False or Misleading Description of Fact." In that count, Plaintiffs allege that L&P is a leader in the marketing and sale of adjustable beds and that it provides marketing materials to retailers for their use in advertising those beds to end consumers, which include photographs of its beds. (Compl. at ¶19). Plaintiffs allege that Defendants have "copied a number of photographs of L&P adjustable beds from the L&P marketing materials and have used those photographs in brochures distributed by [Defendants] to manufacturers, retailers and other potential customers, and in a PowerPoint presentation used by [Defendants] in presentations to manufacturers, retailers and other potential customers as allegedly showing [Defendants'] adjustable beds." (Compl. at ¶ 20). Plaintiffs claim that such use constitutes a false designation of origin and violate 15 U.S.C. §1125.

On October 26, 2006, Defendants filed "Defendants' Motion To Transfer Venue And For A More Definite Statement."

ANALYSIS

In their Motion, Defendants request that the Court transfer this action to the United States District Court for the District of Massachusetts. Defendants assert that they are small, start-up businesses. The members of the two Defendant LLCs, Martin Rawls-Meehan and Ten An Chang, assert that they formed the LLCs in Michigan simply because they grew up here. They claim that both LLCs are headquartered in Cambridge, Massachusetts. They assert that neither LLC has ever had any employees, offices, or manufacturing or production facilities in Michigan. They also assert that neither LLC has ever sold or imported any products into Michigan. They

admit that their registered agent is located in Michigan.  Their position is that they are small entities who do no business in Michigan and that it would be extremely burdensome for them to defend this lawsuit in Michigan – a forum where none of the relevant acts occurred and where none of the products, witnesses or documents can be found.

Defendants further assert that Plaintiffs are large corporate entities with virtually no connection to Michigan.  Defendants assert that Plaintiffs' choice of forum should be given no deference here because there is no connection between this action and Michigan.  They also claim that the relative size and resources of the parties is a significant factor here and that trying the case in Michigan will have a disproportionate impact on Defendants because they are small, privately held operations that are headquartered in Massachusetts while Plaintiffs are large, established entities with considerable resources.  Defendants also contend that the case should be in Massachusetts because that is where the "center of gravity" for this case is located, due to Defendants' operations there.

Plaintiffs reference a number of public filings, which identify a private residential home in Beverly Hills, Michigan as the registered address for the two LLCs, and assert that Defendants have represented that they have an office in Michigan and should be held to that.

Plaintiffs further assert that L&P has "substantial ties to Michigan."  In support of that assertion, Plaintiffs note they are registered to do business in Michigan and that L&P has some employees in Michigan, including 16 employees in Ferndale, Michigan.  Plaintiffs also note that they own some facilities in Michigan and that they sell beds in Michigan.  Notably, however, Plaintiffs do not identify any relationship between any of its Michigan connections and this case. Moreover, at the January 25, 2007 hearing, Plaintiffs' counsel acknowledged that: 1) Plaintiffs

do not plan to call any of its Michigan employees as witnesses in this matter; and 2) Plaintiffs do not anticipate that any of its documents in Michigan would be used in the litigation.

Plaintiffs also assert that the action cannot be transferred because the action could not have been brought in Massachusetts because Defendants do not reside in Massachusetts.

Pursuant to 28 U.S.C. §1404(a), "[f]or the convenience of parties and witnesses, in the interests of justice, a district court may transfer any civil action to any other district or division where it might have been brought." That section gives district courts wide discretion to transfer cases on an individual basis by considering convenience and fairness. *Kerobo v. Southwestern Clean Fuels Corp.*, 285 F.3d 531, 537 (6th Cir. 2002); *see also Norwood v. Kirkpatrick*, 349 U.S. 29, 31-33 (1955)(holding that the district court's discretion under §1404(a) is broader than under common-law doctrine of *forum non conveniens.*)

In making this determination, the Court must determine: 1) whether the action could have been brought in the proposed transferee district, 2) whether a transfer would promote the interests of justice, and 3) whether a transfer would serve the parties' and witnesses' convenience. *Perceptron, Inc. v. Silicon Video, Inc.,* 423 F.Supp.2d 722, 728-29 (E.D. Mich. 2006); *Audi AG and Volkswagon of America v. D'amato,* 341 F.Supp.2d 734, 749 (E.D. Mich. 2004). Factors that can be considered include: 1) the convenience of the parties and witnesses; 2) the location of documents and the relative ease of access to sources of proof; 3) the locus of the operative facts; 4) availability of process to compel attendance of witnesses; 5) cost of obtaining witnesses; 7) the forum's familiarity with the governing law; 8) the weight accorded the plaintiff's choice of forum; 9) trial efficiency; and 10) the interests of justice. *Id.* In short, the Court may consider any factor that may make trial easy, expeditious and inexpensive. *Id*.

While a plaintiff's choice of forum is normally entitled to some deference, it is not sacrosanct and will not defeat a well-founded motion for change of venue. *Id*. at 750. "This is especially true where a plaintiff has little or no connection to the chosen forum." *Id*.

Applying the above standards to this action, The Court concludes that this action should be transferred to Massachusetts.

First, the Court concludes that this action could have been brought in United States District Court for the District of Massachusetts. The Patent Act provides as follows:

> **(a)** Civil actions, suits, or proceedings arising under any Act of Congress relating to copyrights or exclusive rights in mask works or designs may be instituted in the district in which the defendant or his agent resides or may be found.
>
> **(b)** Any civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business.

28 U.S.C. §1400. Defendants have established that their headquarters are located in Massachusetts and, because Defendants operations only take place in Massachusetts, the acts that Plaintiffs allege constitute infringement occurred there as well. This action could have therefore been brought in Massachusetts because each Defendant has a regular and established place of business in Massachusetts.

Second, as explained below, the Court finds that a transfer would promote the interests of justice and serve the parties' and witnesses' convenience.

The Court concludes that the convenience of the parties and witnesses weighs heavily in favor of transfer. Plaintiffs are headquartered in Missouri and California, but have employees and operations in both Michigan and Massachusetts. Defendants, on the other hand, are headquartered in Massachusetts, conduct no business in Michigan, and have no employees in

Michigan.  Moreover, Defendants have no witnesses they intend to call that reside in Michigan. Rather, all of Defendants' witnesses, including its principals, its four employees, and its independent contractors, are located in the Boston, Massachusetts area.  Moreover, Plaintiffs acknowledge that they do not plan to call any of their Michigan employees as witnesses in this matter and have not identified a single witness that they plan to call who resides in Michigan.

In addition, Defendants assert that no witnesses are within the Eastern District of Michigan and that the Court will not be able to compel unwilling witnesses to testify at trial. They further assert that the cost of obtaining willing witnesses will be great because they will have to travel a substantial distance which will include air fare and hotel accommodations.  The Court agrees.

The Court also concludes that it is likely that no other sources of proof exist in Michigan but do exist in Massachusetts.  All of Defendants' documents are located at their headquarters in Massachusetts.  Their beds, which are the subject matter of this action, are also located there. Plaintiffs have not identified any sources of evidence in this action, such as documents or particular merchandise, that exists in Michigan.  Indeed, Plaintiffs' counsel acknowledged at the January 25, 2007 hearing that it does not anticipate using any of its documents that are located in Michigan.

While Plaintiffs have identified some "contacts" with Michigan, those contacts are admittedly not related to this action.  This case did not arise in Michigan and no Michigan witnesses or evidence has been identified.  In addition, in light of the apparent disparity of resources between the parties, the Court also finds that it would be very inconvenient and burdensome for Defendants to defend the action in Michigan, and that it would be no less

inconvenient for Plaintiffs to try the case in Massachusetts.

Accordingly, the Court shall grant Defendants' motion, in part, and transfer this action to the United States District Court for the District of Massachusetts.

Defendants also request that the Court order Plaintiffs to provide a more definite statement because the complaint does not identify the claim numbers and specific claim elements alleged to have been infringed.  In light of the Court's decision to transfer this action to Massachusetts, however, the Court declines to rule on Defendants' request for a more definite statement so that the motion can be considered and ruled on by the Massachusetts District Court that will be handling this action.

## CONCLUSION & ORDER

For the reasons set forth above, "Defendants' Motion To Transfer Venue And For A More Definite Statement" [Docket Entry No. 4] is **GRANTED IN PART** in that the Court hereby **ORDERS** that this action is **TRANSFERRED** to the United States District Court for the District of Massachusetts.   The Court **DECLINES TO RULE UPON** Defendants' request for a more definite statement.

**IT IS SO ORDERED.**

S/Sean F. Cox
Sean F. Cox
United States District Judge

Dated:  January 29, 2007

I hereby certify that a copy of the foregoing document was served upon counsel of record on January 29, 2007, by electronic and/or ordinary mail.

S/Jennifer Hernandez
Case Manager